IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03224-WYD-MEH

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.245.8.8,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 8, 2015.**

    Defendant Motion's to Quash or Vacate Subpoena [filed January 7, 2015; docket #17] is **denied** for the following reasons.

    First, on December 29, 2014, this Court instructed the Defendant to file a motion to proceed anonymously contemporaneously with a motion to quash; however, he has failed to do so here. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Although Defendant asserts "I respectfully request that I be allowed to [file the present motion] without revealing my personally identifying information," such unsupported statement fails to comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion") and the law cited herein.

    Second, Defendant's entire argument is based upon an "improper joinder" of defendants. However, the Plaintiff names only one Defendant in this action; therefore, there can be no improper joinder in this case.

    Finally, the Court finds no basis upon which to restrict the present motion, as it contains no personal or confidential identifying information; accordingly, the Clerk of the Court is directed to remove the motion from restriction.

    The Clerk of the Court is directed to mail a copy of this order to the Defendant at the address found in docket #11 and to maintain the document in docket #11 under Restriction Level 2 until

further order of the Court.