IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03224-WYD-MEH

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.245.8.8,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's "Motion to Quash Plaintiff's Motion to Produce Documents, Information, or Object or [sic] to Permit Inspection of Premises in a Civil Action" [filed January 20, 2015; docket #23]. The motion has been referred to this Court for disposition. (Docket #24.) The matter is briefed to the extent required by law, and the Court finds that oral argument will not assist with adjudication of the motion. For the reasons that follow, Defendant's motion is **denied**.

**I.    Background**

    Plaintiff initiated this action on November 26, 2014, alleging that Defendant, identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film.

    In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #8.) The Court determined that Plaintiff had shown good cause for

limited expedited discovery and granted Plaintiff's motion in part. (Docket #10.) In particular, the Court authorized Plaintiff to serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of Defendant based on the IP address listed in the Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the name, address, telephone number, and email address of the Defendant to whom the ISP has assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order and the ISP to notify its subscriber of the subpoena and request for identification. Finally, the Court emphasized that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint (docket #1). The Court cautioned Plaintiff that improper use of this information may result in sanctions. In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast, on or about December 8, 2014. (Docket #11 at 8-9.) In turn, Comcast notified Defendant that it would release his identifying information to Plaintiff by January 15, 2015, unless Defendant filed an objection with the Court. (*Id.* at 7.) Consistent with these instructions, Defendant first moved to quash the subpoena on December 24, 2014. (*Id.*) The Court denied the first motion on procedural grounds (*see* docket #14), and Defendant filed a second motion to quash on January 7, 2015 based solely on "improper joinder" (docket #17). Because this case involves only one Defendant, the Court denied Defendant's second motion (docket #20), and the Defendant filed the present "motion to quash Plaintiff's motion to produce documents, information, or object or to permit inspection of premises in a civil action" (docket #23) on January 20, 2015. Construing the document liberally for this *pro se* litigant, Defendant essentially asks the Court to reconsider and

vacate its December 1, 2014 order granting discovery of his/her identifying information[1] saying "Defendant's appearance vitiates the need for the subpoena prior to the Rule 26(f) conference and places both parties on equal footing in the discovery process." Defendant also argues that the Plaintiff's "pattern of conduct" in filing multiple cases in court each year (like that of Malibu Media LLC) demonstrates it has "abused the claims process" and questions whether "Plaintiff actually intends to litigate such claims."

Plaintiff responds that Defendant fails to meet the requirements of Fed. R. Civ. P. 45 for quashing the subpoena. Plaintiff further contends that even if Defendant appears in the case as a "John Doe" litigant, the case cannot proceed unless the Plaintiff knows the Defendant's identity, and the Court has already found good cause for discovery of Defendant's identity. Plaintiff also notes that this Court and others have rejected Defendant's argument concerning "improper litigation tactics," and Defendant's reference to Malibu Media LLC is irrelevant, as "the same purportedly coercive factors present in Malibu Media's lawsuits for infringement of copyrighted adult content are not present in this case where the infringement alleged is of a mainstream Hollywood action film."

Although invited and provided the opportunity to do so, Defendant did not file a reply brief.

**II.  Discussion**

Construing the *pro se* Defendant's motion liberally, I find that Defendant asks the Court both to reconsider its order granting early discovery and to quash the subpoena served upon Comcast.

---

[1] Actually, the Defendant refers to the Plaintiff's motion for early discovery as "pending"; however, in light of the Defendant's *pro se* status, the Court construes Defendant's request to "quash the pending motion as moot" as a request to reconsider the order ruling on Plaintiff's motion.

      A.     <u>Request to Reconsider Order Permitting Early Discovery</u>

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *U.S. ex rel. Superior Steel Connectors Corp. v. RK Specialties, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012) (unpublished). The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Defendant does not specifically identify which bases upon which he or she relies for the motion; however, because there appear to be no indications that (1) or (2) apply, the Court will construe Defendant's arguments under the third basis.

The Court finds Defendant has not demonstrated a need to correct clear error or prevent manifest injustice by vacating the Court's previous order and prohibiting the ISP from disclosing Defendant's identity to the Plaintiff. Upon review of the Plaintiff's motion for pre-Rule 26(f) discovery, the operative pleading and the entire record in this case, the Court concludes the Plaintiff has properly demonstrated specificity and good cause in seeking discovery for the identities of purported infringers. Defendant argues that his appearance as a John Doe Defendant is sufficient to place the parties "on equal footing in the discovery process"; however, the Court disagrees. Certainly, there may be exceptional cases in which a party remains anonymous even to the opposing party but, here, the Defendant has not demonstrated any such applicable exceptions. Pursuant to the

federal rules, the parties exchange discovery with each other, not through the Court; however, under the Defendant's proposal, the Plaintiff would have no way to communicate with the Defendant through discovery.  Moreover, to the extent that the Defendant disputes he or she committed the alleged infringement, without Defendant's address or access to information regarding Defendant's personal electronic devices, the Plaintiff would have no method by which to discover or rebut Defendant's contention.  Accordingly, the Court finds under the circumstances of this case, the Plaintiff must learn Defendant's identity to proceed in litigating its claim against the Defendant.

The Court concludes its order granting pre-Rule 26 discovery is proper and based on sufficient specificity and good cause demonstrated by the Plaintiff.  Therefore, the Court will not vacate its order granting the Plaintiff leave to obtain Defendant's contact information from the Defendant's ISP.

   B.  <u>Request to Quash Subpoena</u>

Although the Defendant appears to center his/her arguments on a request to reconsider and vacate the pre-discovery order, the Court will also address Defendant's request to quash the subpoena served on Comcast.

Fed. R. Civ. P. 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated.  *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or

privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).

Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege).

Comcast, the recipient of the subpoena, has not objected to its terms. However, construing the motion liberally, Defendant appears to argue that s/he has standing to quash based on a personal and/or proprietary interest in his/her identifying information. Plaintiff does not appear to dispute this interest. Thus, the Court may consider Defendant's motion to quash, but must limit its analysis to whether the subpoena served on Comcast requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1-162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1-18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). Thus, Defendant must show the information sought is privileged. The burden rests on the moving party to demonstrate that privilege exists and that the subpoena would disclose such information. *Howard*, 2012 WL 2923230, at *2.

In this case, Defendant's motion does not address whether the information sought is privileged or otherwise protected. Instead, Defendant asks the Court to quash the subpoena based on Plaintiff's case strategies and settlement practices. Defendant likens the Plaintiff's "pattern of conduct" to that of Malibu Media LLC suggesting that the Court might infer an "abuse" of the claims process and question whether the Plaintiff "actually intends to litigate such claims." Motion, docket #23 at 2. Defendant asserts the Plaintiff files "about 99 claims in 2014 under the guise of judicial economy and cost and convenience benefits, issues a third-party subpoena on Internet Service Providers (ISPs) before a Rule 26(f) conference to discover the Does' identities, and then pressures the identified Does to settle privately." *Id.*

First (and most importantly), the plain language of Rule 45 does not authorize the Court to quash a subpoena based on alleged settlement practices. Defendant attempts to liken this case to those brought by Malibu Media LLC; however, the Court recognizes not only the fact this Plaintiff is not Malibu Media, but also the distinctions as to the content of the copyrighted works Plaintiff identifies in its response. Moreover, the Court questions Defendant's assertion against the Plaintiff; in this Court, the Plaintiff has filed only 11 cases against single John Doe Defendants in which the Plaintiff pays the required filing fee each time and has (thus far) followed the federal and local rules governing civil actions. In addition, the Court has not observed nor been made aware of any particular Defendant in the cases before this Court who has experienced "coercive" settlement tactics by the Plaintiff.

Second, equally outside the scope of Rule 45 is a party's concern that being named as a defendant in a federal lawsuit may cause embarrassment and/or injure his or her reputation without a showing of undue burden. Here, the Defendant has asserted no such injury nor undue burden. Nevertheless, to address any request for anonymity, the Court twice invited Defendant to file a

7

motion to proceed anonymously in this case (dockets ## 14, 20); he still has not done so, yet the Court has maintained his identifying information under restriction pending resolution of the present motion. As stated in previous orders in BitTorrent cases, in an effort to reduce the likelihood of any untoward settlement conduct or undue embarrassment of a Doe defendant, this Court affirms the practice of ISPs withholding a Doe defendant's identifying information pending the resolution of any motion filed by a Doe defendant challenging the subpoena, and typically grants a Doe defendant's well-supported motion to proceed anonymously in the case pending resolution of motions to dismiss, to sever, or to quash.

### III.    Conclusion

For the reasons stated above, the Court finds that Defendant has not met his/her burden of showing that the Court should vacate its order granting early discovery and/or quash the subpoena served on Comcast. Therefore, Defendant's "Motion to Quash Plaintiff's Motion to Produce Documents, Information, or Object or [sic] to Permit Inspection of Premises in a Civil Action" [filed January 20, 2015; docket #23] is **denied**. The Clerk of the Court is directed to mail a copy of this order to the Defendant at the address found in docket #11 and to maintain the document in docket #11 under Restriction Level 2 until further order of the Court.

Entered and dated at Denver, Colorado, this 3rd day of March, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge